**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| DANIEL J BUCCIARELLI | : | |
| | : | |
| Debtor(s) | : | Bankruptcy No. 19-15312 ELF |

**ORDER**

**AND NOW,** this ___30th___ day of _November_, 2021, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his/her real property located at 506 Aqueduct Drive, North Wales, PA 19454 ("Property"), free and clear of all liens, for the sale price of $320,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of August 19, 2021, and subsequently, to the buyer(s) thereunder, Abbie Cichowski Kim ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters
($65.00 + $25.00 +$25.00 + $570.80 +$100.00)     $790.80

2. Liens paid at closing

    U.S. Bank Trust National Association     $225,010.29

    Trumark Financial     $18,389.19

    Winners Circle HOA
    (Up to $1,157.25 + $936.00 + $2,133.71+$150.00) = up to     $4,376.96

    Pennsylvania Housing Finance Agency/ HEMAP     $29,444.08

3. Real estate taxes, sewer, trash and/or other such items
($1,600.00 + $1,600.00 + $300.00 + $300.00)     $3,800.00

| | | |
|---|---|---|
| 4. | Property repairs, if any | $_____ |
| 5. | Real estate commission, at no greater than 6%<br>($8,000 + $6,800 + $1,200) | $16,000.00 |
| 6. | Attorney's fees, if any | $0.00 |
| 7. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement | $300.00 |
| 8. | Other (any amount, no greater than $2,500.00 in the aggregate, necessary to increase any of the above figures, or unforeseen new items which arise occur prior to settlement) | $2,500.00 |
| | TOTAL | $305,837.63 |

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West, Chapter 13 standing trustee $5,226.31, to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's modified plan, which shall require a 100% distribution on all filed and allowed claims.

The balance of the proceeds, after the payment is made to the Chapter 13 Trustee shall be paid to the Debtor.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

The proceeds of the sale must be used to satisfy in full the lien of U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust on the Subject Property. Until such satisfaction, the Subject Property is not free and clear of liens and said the lien does not have to be released.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**